Mr. Vincent B. Tilford, President Arkansas Development Finance Authority 100 Main, Suite 200 P.O. Box 8023 Little Rock, AR 72203-8023
Dear Mr. Tilford:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA") which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 1995), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. Your request pertains specifically to a complaint and investigation in connection with alleged sexual harassment. The material in question consists of a complaint, in the form of a memorandum dated April 26, 1996, that was prepared on behalf of the complainants/employees; a document summarizing the allegations and the internal investigation that you initiated; memoranda from you to the subject of the complaint and the complainants stating your conclusion as to the findings of the investigation; and a May 3, 1996, memorandum from one of the complainants to you.
You state that the investigation did not merit suspension or termination of the individual. You have denied a FOIA request for access to these documents, citing the exemption under A.C.A. § 25-19-105(c)(1) (Supp. 1995) for "job performance records."
To summarize, it is my opinion that your decision not to release the investigation summary or the memos communicating your conclusion regarding the investigation is consistent with the FOIA. The memo containing the complaint and the May 3, 1996, memo are, however, in my opinion, generally subject to disclosure.
This office has previously opined on numerous occasions that records of investigations into alleged employee misconduct are generally covered by the FOIA exemption for "employee evaluation or job performance records."See, e.g., Ops. Att'y Gen. 96-168, 94-127, and 92-207. I believe such records are reasonably encompassed within the exemption's inclusion of "preliminary notes and other materials. . . ." A.C.A. § 25-19-105(c)(1). This language offers evidence of legislative intent to include ancillary documentation within the exemption for evaluation or job performance records. Thus, as to those records created as part of the inquiry into or investigation of the harassment allegations, Section 25-19-105(c)(1) applies to prevent disclosure. This presumably includes the investigation summary and the memo outlining your conclusions.
With regard, however, to the complaint itself and the May 1, 1996, memo from one of the complainants, it is my opinion that these records are not covered by § 25-18-105(c)(1). It appears that neither of these records was made or given as part of an agency inquiry or investigation. They were not created for evaluation purposes. Rather, they were initiated by the employees and created on their behalf. This distinction was noted in two recent opinions wherein it was concluded that a previously prepared document which is not otherwise exempt cannot be transformed into a job performance record by a supervisor's later acts in conducting an investigation or preparing an evaluation. Ops. Att'y Gen. 96-168 and 96-033. Because the complaint in this case, as well as the May 3rd memo, were not solicited by the employer for evaluation purposes, they do not constitute "job performance" records. To the extent previous opinions issued by this office suggest or conclude that statements given by employees involving allegations of sexual harassment are covered by §25-19-105(c)(1), where such statements are not made or given as part of an agency investigation, such opinions are hereby withdrawn or modified in accordance with this opinion. See, e.g., Ops. Att'y Gen. 95-131, 94-119, 93-356 and 92-310.
Thus, in my opinion, the complaint and the May 3rd memo are generally subject to disclosure under the FOIA. While this may at first glance seem unjust in light of the non-disclosure of the investigation, which you state did not merit suspension or termination of the individual accused of sexual misconduct, this seeming injustice is tempered by the fact that the employee has access to the investigation. See A.C.A. §25-19-105(c)(2) (Supp. 1995) (providing that "[a]ny personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained. . . .") The subject of the complaint thus has the opportunity and discretion to release his own evaluation records.
Finally, the possibility that privacy concerns may be implicated by the specific contents of the complaint should be noted. I believe a privacy claim in this context would most likely be approached under a constitutional right to privacy, the test for which is delineated in the case of McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989). This right of privacy shields "personal matters" which the individual wants to and has kept private or confidential, that except for the government action can be kept private (i.e., it is not a matter of public record), that to a reasonable person would be "highly offensive" or harmful or embarrassing if disclosed, and where the privacy interest in nondisclosure of the personal matter outweighs any governmental interest in disclosure. Id. at 230, 231. This will, of course, require a factual determination, based upon a review of the contents of the records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh